IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. REECE,<br><br>                    Petitioner,<br><br>          vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>                    Respondent. | No. 2:08-cv-00488-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 10] |

   Petitioner Charles G. Reece, a state prisoner appearing *pro se*, has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254.  At Docket No. 10, Respondent has requested that the Court stay this matter pending the decision of the  United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.  At Docket No. 12 Reece opposed the motion.

   In his petition Reece raises four grounds: (1) infringement of his First Amendment rights by the California Board of Prison Terms (BPT) in compelling attendance at faith-based narcotics and/or alcoholics anonymous programs; (2) BPT denied of his right to fast and speedy parole hearing; (3) BPT denied him a fair and impartial hearing by use of a "no parole" policy; and (4) BPT re-characterized the offense for which he was convicted, kidnap-robbery, to murder, for which he was not convicted.

   After reviewing the petition and its attachments, including his petitions before the California state courts, and opposition to Respondent's motion, the Court has tentatively concluded that Reece's third and fourth grounds essentially challenge the BPT's action on the basis that it impermissibly relied upon the nature of the underlying conviction, raising the issue first addressed by the Ninth Circuit in *Biggs v. Terhune*, 334 F.3d 910, 916–17 (9th Cir. 2003). Squarely before the en banc panel in *Hayward* is whether the dicta in *Biggs* "[a] continued

reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation," is, or should be the law of the circuit.[1]  Thus, the Court is of the opinion that the outcome in *Hayward* more likely than not will be determinative of Reece's third and fourth grounds.

To assist the parties in future briefing, the Court makes the following observations concerning the petition.  With respect to the first ground, there is a significant probability that Reece will prevail.[2]  With respect to the second ground, whatever his rights may be under state law, Reece has no constitutionally based right to a speedy parole hearing.  The relief that this Court may grant is limited.  It may not unconditionally order the BPT to grant Reece a parole; the Court may only order the BPT to conduct a new parole hearing without consideration of the impermissible factors, if any.  Consequently, in order to address the petition in other than a piecemeal fashion, the Court must decide all grounds simultaneously.

IT IS THEREFORE ORDERED THAT Respondent's motion for a stay at Docket No. 10 is GRANTED.  This matter is stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

IT IS FURTHER ORDERED THAT, within 60 days following the date the Court of Appeals issues its mandate in *Hayward*, Respondent must serve and file an answer to the petition in conformance with Rule 5, Rules – Section 2254 Cases.  Reece may serve and file his reply (traverse), if any, not later than 30 days after Respondent serves his answer.

Dated:  December 3, 2008.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[1] Contrary to the argument of Respondent, the Court notes its skepticism that the *Hayward* en banc panel will overturn the threshold issue of whether the California parole scheme creates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.

[2] *See Inouye v. Kemma*, 504 F.3d 705, 713–14 (9th Cir. 2007) (holding that a parole officer violated the First Amendment by compelling a parolee to attend AA/NA meetings as a condition of not seeking revocation of parole).