IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. REECE,<br><br>                 Petitioner,<br><br>                 vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>                 Respondent. | No. 2:08-cv-00488-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 16] |

       At Docket No. 16 Petitioner Charles G. Reece has moved for reconsideration of the Order entered at Docket No. 14 granting Respondent's motion to stay further proceedings in this case pending the decision of the Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.  At Docket No. 17 Respondent has opposed the motion.

       Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case.[1]  The law of the case doctrine is not a shackle without a key.  As long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[2]  That inherent power is not unfettered:  "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice."[3]

---

[1] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[2] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

[3] *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion for reconsideration Reece does not argue that there has been an intervening change in the law, nor does he offer any new evidence. Reece simply contends that further delay in this case would be harmful to him. In entering its stay order the Court considered the potential adverse impact that staying this action would have on Reece. On the other hand, any ruling in his favor by this Court more likely than not would be appealed to the Ninth Circuit, which is itself holding cases in abeyance pending the decision in *Hayward*. Consequently, the stay order entered at Docket No. 16 was neither clearly erroneous nor does it work a manifest injustice.

IT IS THEREFORE ORDERED THAT the motion for reconsideration at Docket No. 16 is DENIED.

Dated: August 21, 2009.

                                                /s/ James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                United States District Judge