IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. REECE,<br><br>                    Petitioner,<br><br>          vs.<br><br>D. K. SISTO, Warden, California State<br>Prison, Solano,<br><br>                    Respondent. | No. 2:08-cv–00488-JKS<br><br>ORDER DISMISSING PETITION<br>and<br>DENYING MOTION<br>[Re: Motion at Docket No. 23] |

        Charles G. Reece, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus

Relief Under 28 U.S.C. § 2254.  Reece is currently in the custody of the California Department

of Corrections and Rehabilitation, incarcerated at the California State Prison Solano.

Respondent has answered, and Reece has replied.  At Docket No. 23, Reece has also filed a

Motion for Judgment in the case on the basis that Respondent had failed to timely answer the

petition in accordance with this Court's Order.

## I.  BACKGROUND/PRIOR PROCEEDINGS

        In 1985, following a jury trial in the Los Angeles County Superior Court, Reece was

convicted of one count of kidnaping (Cal. Penal Code § 209(b)) and two counts of robbery (Cal.

Penal Code § 211).  The trial court sentenced Reece to an indeterminate prison term of six years

to life.  Reece does not challenge his conviction or sentence in these proceedings.

        In March 2005 Reece appeared for a parole-suitability hearing before the California

Board of Prison Terms ("Board").  The Board, finding Reece unsuitable for parole, denied Reece

parole for a period of two years.  Reece timely filed a petition for habeas relief in the Los

Angeles County Superior Court, which denied his petition in an unpublished, reasoned decision.

Reece's subsequent petition for habeas relief was denied by the California Court of Appeal,

Second Division, citing *People v. Duvall* (1995) 9 Cal. 4th 464, 474-75, and  *In re Dannenberg*

(2005) 34 Cal. 4th 1061, 1070-71, 1094-95.  The California Supreme Court summarily denied his

petition for review without opinion or citation to authority on January 3, 2008.  Reece timely

filed his Petition for relief in this Court on November 14, 2008.

In April 2007, Reece again appeared for a parole-suitability hearing before the Board.

The Board, finding Reece unsuitable for parole, again denied Reece parole for a period of two

years.  Reece filed a timely petition for habeas relief challenging the April 2007 denial of parole

in the Los Angeles County Superior Court, which denied his petition in an unpublished, reasoned

decision.  Reece then filed a petition for habeas relief in the California Court of Appeal, Second

Appellate Division, which summarily denied his petition without opinion or citation to authority.

Reece's subsequent petition for habeas relief was also summarily denied without opinion or

citation to authority by the California Supreme Court on July 8, 2009.  Reece timely filed a

Petition for habeas relief in this Court challenging the April 2007 decision by the Board, *Reece v.

Sisto*, 2:09-cv-02303-JKS (*Reece II*).[1]

## II.  ISSUES RAISED/DEFENSES

In his Petition, Reece contends that the Board:  (1) violated his First Amendment rights

by attempting to compel him to attend AA/NA meetings; (2) violated his right to a speedy parole

---

[1] This Court takes judicial notice of the proceedings and orders in *Reece II.*  Fed. R. Evid.
201.

hearing by delaying his parole-suitability hearing for a period of nine months after the date it should have been held; (3) has adopted a "no parole" policy, violating his right to due process; (4) improperly re-characterized his conviction for kidnapping/robbery as one for murder; and (5) the denial of his petition to the California Supreme Court without an opinion violated due process.   Respondent has asserted no affirmative defense.[2]

### III.  DISCUSSION

1. *Pending Motion at Docket No. 23*

Reece filed his motion dated July 1, 2010, requesting this Court grant judgment in his favor on the ground that Respondent had failed to timely serve and file his answer to the petition within the time specified in the Order of this Court entered December 4, 2008.[3]  Reece, bases his motion on the fact that the Court ordered Respondent to file an answer within 60 days of the date the Ninth Circuit entered the mandate in its en banc decision in *Hayward*.[4]  The Ninth Circuit rendered its decision on April 22, 2010,[5] and issued its Mandate on June 10, 2010.  Reece, noting that the Hayward decision was rendered April 22, 2010, argues that the Respondent's answer was due June 22, 2010.  Reece is in error, the response was due 60 days after the mandate was issued, not the date of the decision.  Therefore, Respondent's answer was not due until August 9, 2010.[6] The Motion for Judgment at Docket No. 23 will be denied.

---

[2] *See*, Rules—Section 2254 Cases, Rule 5(b).

[3] Docket No. 14.

[4] *Hayward v. Marshall*, 512 F.3d 536, *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

[5] *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).

[6] Order at Docket No. 22.

2.  *Petition*

In *Reece II*, the Los Angeles Superior Court, although it denied Reece's petition, ordered the Board to hold a new hearing within 90 days.  This Court, finding that it could not grant any further effective relief, dismissed the Petition in *Reece II* for lack of subject matter jurisdiction.  This Court is no more capable of granting further effective relief in this case than it was in *Reece II*.  The reasoning and result in *Reese II* are, therefore, equally applicable to this case.

IV.  CONCLUSION AND ORDER

This Court cannot grant Reece any further effective relief.  Accordingly,

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[7]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[8]

**IT IS FURTHER ORDERED THAT** the Motion for Judgment at Docket No. 23 is **DENIED**.

The Clerk of the Court is to enter final judgment accordingly.

Dated:  November 8, 2010.

/s/ James K. Singleton, Jr.

JAMES K. SINGLETON, JR.
United States District Judge

---

[7] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[8] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.